IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PSYRA BIVENS, *Individually and as Personal Representative of the Estate of Anthony D. Vanzandt, and as Next Friend of C.A.V., a minor, et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-06-3751 |
| UNION PACIFIC RAILROAD CO., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This federal diversity case arises from a November 2005 auto-train collision near Oakdale, Louisiana. The plaintiffs are residents of Houston, Texas. Defendant Union Pacific Railroad Company is incorporated under the laws of Nebraska and maintains its principal place of business in that state. The other defendants are residents of Louisiana. At a Rule 16 conference held in this court on June 29, 2007, the defendants announced their intent to seek transfer to the Western District of Louisiana under 28 U.S.C. § 1404(a).

It is undisputed that three of the eyewitnesses to the accident reside and work in the Western District of Louisiana. It is also undisputed that the emergency responders and the local law enforcement officers who investigated the accident are Louisiana residents. The other witnesses are either parties or experts.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). A district court's transfer may be *sua sponte*. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

In diversity cases, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of this statute is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money.

Whether to transfer a case under section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen, AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). The factors include: (1) the availability of compulsory process for unwilling witnesses and cost of attendance for willing

witnesses; (2) the relative ease of access to sources of proof; (3) the plaintiff's choice of forum; (4) the possibility of delay and prejudice if transfer is granted and all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) administrative difficulties; and (6) the familiarity of the forum with the law that will govern the case. The plaintiff's choice of forum is not conclusive or determinative. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003).

The most important single factor is the location of key nonparty witnesses. *See, e.g., Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("The convenience of the witnesses is arguably the most important factor in determining whether a case should be transferred pursuant to section 1404(a)."); *see also State Street Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994) ("Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis."). It is undisputed that the only eyewitnesses are in the Western District of Louisiana. It is also undisputed that the emergency responders and investigators are in that district. The testimony of the eyewitnesses, emergency responders, and investigators is likely to be critical. Such key nonparty witnesses are beyond this court's subpoena power. *See* FED. R. CIV. P. 45(c)(3)(A)(ii). The train collision occurred in the Western District of Louisiana. Access to proof will be easier in that state. And the Western District of Louisiana is not an inconvenient forum for the plaintiffs.

In the interests of justice, this case is transferred to the Federal District Court for the Western District of Louisiana, Lake Charles Division. A transfer order is separately entered.

SIGNED on June 29, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge